STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION,
RELATOR, V. DOUGLAS F. DUCHEK, RESPONDENT.
401 N.W.2d 484

Filed February 20, 1987.   No. 87-116.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an original disciplinary proceeding brought by the
State on behalf of the Nebraska State Bar Association against
the respondent, Douglas F. Duchek. On September 17, 1986,
respondent was charged in the U.S. District Court for the
District of Nebraska with three counts of willful failure to file
an income tax return in violation of I.R.C. § 7203 (1982). On
September 18, 1986, the Nebraska State Bar Association filed a
disciplinary complaint against the respondent in connection
with the charges filed against him in the U.S. District Court.
Duchek pled guilty to one count of willful failure to file an
income tax return, and the remaining two counts pending
against him were dropped. Respondent was sentenced to a term
of 2 years' probation, a condition of which was that he must
perform 350 hours of community service. Duchek admits that
he has violated § 7203 and that these actions constitute a
violation of his oath of office as an attorney and Canon I, DR
1-102(A)(1) and (6), of the Code of Professional Responsibility.

In view of these facts and all the circumstances disclosed by
the available record, we find that the respondent's willful
failure to file his income tax return as required by federal law
constitutes misconduct involving moral turpitude and a
violation of the standards of ethics applicable to attorneys.

DR 1-102 provides in pertinent part: "(A) A lawyer shall not:
(1) Violate a Disciplinary Rule. . . . (3) Engage in illegal conduct
involving moral turpitude. . . . (6) Engage in any other conduct
that adversely reflects on his fitness to practice law." Prior
disciplinary actions before this court involving an attorney's
willful failure to file income tax returns have resulted in a
suspension of the respondent for a period of 1 year. *State ex rel.*

*Nebraska State Bar Assn. v. Fitzgerald*, 165 Neb. 212, 85 N.W.2d 323 (1957); *State ex rel. Nebraska State Bar Assn. v. Tibbels*, 167 Neb. 247, 92 N.W.2d 546 (1958); *State ex rel. NSBA v. Hahn*, 218 Neb. 508, 356 N.W.2d 885 (1984). In these cases a knowing failure to file a tax return constituted misconduct involving moral turpitude in violation of the standards of ethical procedure governing attorneys. These cases are dispositive of the case at bar and instruct us that the appropriate action to be taken is to suspend the respondent for a period of 1 year.

It is the judgment of the court that the respondent be suspended from the practice of law for 1 year from March 1, 1987. The respondent may apply for reinstatement at the end of the period of suspension by making an affirmative showing that he has fully complied with the order of suspension and in the future will not engage in practices offensive to the legal profession.

JUDGMENT OF SUSPENSION.