STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. STUART B. MILLS, RESPONDENT.
736 N.W.2d 712

Filed July 28, 2006.   No. S-02-1085.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

Robert F. Bartle, of Bartle & Geier Law Firm, for respondent.

HENDRY, C.J., CONNOLLY, STEPHAN, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Stuart B. Mills asks this court to reinstate him to the practice of law following a 2-year suspension. The Counsel for Discipline resists the application for reinstatement because, subsequent to this court's suspension order, Mills pleaded guilty in federal court to a felony charge based upon the same conduct for which he was disciplined.

## FACTS

Mills was admitted to the practice of law in the State of Nebraska on January 22, 1973. On December 5, 2003, this court suspended Mills from the practice of law for 2 years as a result of his engaging in conduct which violated the Code of Professional

Responsibility. Among other things, Mills notarized certain renunciations and deeds without witnessing the signatures of those signing the documents, and he filed a federal estate tax return form with the Internal Revenue Service based upon information which Mills knew to be false. The specific facts relating to those disciplinary proceedings are set forth in *State ex rel. Counsel for Dis. v. Mills,* 267 Neb. 57, 671 N.W.2d 765 (2003).

The parties have entered into a stipulation for the purpose of establishing the factual record with respect to Mills' application for reinstatement. In June 2004, in the U.S. District Court for the District of Nebraska, Mills was charged with a felony in violation of 26 U.S.C. § 7212(a) (2000) relating to his conduct during the course of his representation of Cheryl Borgelt as personal representative of David Borgelt's estate in Cuming County, Nebraska.

Mills was charged by information in the U.S. District Court as follows:

> On or about the 30th day of June, 1999, in the District of Nebraska, the defendant, did corruptly obstruct and impede or endeavor to obstruct or impede the due administration of the Internal Revenue laws by filing altered renunciations with the Cuming County Court in an effort to evade and impede the collection of an estate tax.
>
> In violation of Title 26, United States Code, Sections 7212(a).

Mills entered a guilty plea to the federal charge and was sentenced on August 31, 2004, to 2 years' probation; fined $3,000; and required to perform 250 hours of community service. He has completed all the requirements of his sentence. On January 12, 2006, the U.S. District Court ordered that Mills be discharged from probation supervision and terminated the proceedings in that case.

On September 28, 2004, the Counsel for Discipline submitted a complaint to the Committee on Inquiry of the Third Disciplinary District (Committee) and requested the Committee to conduct an inquiry to determine whether reasonable grounds for discipline existed as a result of Mills' federal felony conviction. It was the Counsel for Discipline's position that the conviction, "in and of itself," was a new basis on which discipline could be grounded.

The complaint alleged that Mills' felony conviction constituted a violation of Canon 1, DR 1-102(A), of the Code of Professional Responsibility, which, in relevant part, prohibited a lawyer from violating a disciplinary rule; engaging in illegal conduct involving moral turpitude; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct that is prejudicial to the administration of justice; and engaging in any other conduct that adversely reflects on his or her fitness to practice law. The Counsel for Discipline recommended formal charges against Mills be filed with this court. Mills' attorney submitted a response letter to the Committee in which he noted that the felony conviction arose from the same conduct for which Mills had been suspended by this court and that no new or different facts had arisen.

On October 18, 2004, the Committee determined that no public interest would be served by the filing of formal charges. The Committee determined that a private reprimand of Mills was appropriate.

The Counsel for Discipline appealed the Committee's determination to the Disciplinary Review Board (Board). The Counsel for Discipline stated that its practice had been "to consider [a] felony conviction as a separate and distinct violation of the Code of Professional Responsibility." The Counsel for Discipline again recommended the filing of formal charges against Mills.

Mills' attorney sent a letter to the Board in which it was expressed that Mills accepted the Committee's recommendation of a private reprimand. The letter also emphasized that all parties involved in the matter were fully aware that a federal grand jury investigation was pending during the course of the 2002-03 disciplinary proceedings against Mills and that the Nebraska Supreme Court, during oral argument, had raised the issue of a possible felony prosecution against Mills.

The Board concluded that the public interest had been served by the 2-year suspension of Mills, and it affirmed the determination of the Committee to issue a private reprimand of Mills. A private reprimand was issued on December 3, 2004. No further appeal was pursued by the Counsel for Discipline or by Mills.

On January 23, 2006, Mills requested this court to reinstate him to the practice of law in Nebraska, and the Counsel for

Discipline filed a resistance to such reinstatement. In its resistance, the Counsel for Discipline described Mills' felony conviction. The Counsel for Discipline stated that the private reprimand related to the conviction had been "an insufficient sanction" and that "Formal Charges should have been filed" against Mills. The Counsel for Discipline opposed the reinstatement because "subsequent to the entry of the two-year suspension herein, [Mills] was convicted of a felony involving moral turpitude."

The chairperson of the Committee filed a statement regarding Mills' reinstatement application, stating that he knew of no reason why Mills should not be reinstated to the practice of law and that the Committee recommended such reinstatement. The chairperson of the Board also filed a response to Mills' reinstatement motion. Therein, she stated that she was unaware of any information which would indicate that Mills should not be reinstated.

## STANDARD OF REVIEW

The Nebraska Supreme Court has the inherent power to define and regulate the practice of law in this state. *State ex rel. Nebraska State Bar Assn. v. Butterfield*, 172 Neb. 645, 111 N.W.2d 543 (1961).

## ANALYSIS

The question is whether Mills' subsequent felony conviction, which was based on the same conduct for which he was suspended, prevents his reinstatement to the practice of law in this state. Upon his suspension, Mills was directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001) and to pay the costs and expenses of the action in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23 (rev. 2001). See *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003). There is no dispute that Mills has completed all the requirements set forth in the order of suspension, has paid all costs assessed against him, and has complied with rule 16. The chairpersons of the Committee and the Board have filed statements in support of Mills' reinstatement application.

A suspended lawyer seeking reinstatement is required to affirmatively show that he or she has fully complied with the order of suspension and in the future will not engage in practices

offensive to the legal profession. See *Butterfield, supra*. The burden is upon the suspended lawyer to show his or her present fitness to again exercise the privileges and functions of an attorney in view of his or her previous conduct, the discipline imposed, and any reformation of character wrought thereby, or otherwise, as shown by his or her more recent conduct. *Id.* Whether or not such a showing is sufficient is dependent upon the record before us and the suspended lawyer's prior conduct as reflected in the records of this court. *Id.* The character of the respondent in a disciplinary proceeding and the question of his or her reformation as to the previous unethical conduct are of great importance in determining whether or not a reinstatement should be granted. *Id.* If a sufficient showing is made, the suspended lawyer "will be reinstated and allowed to engage in the practice of law." See, e.g., *State ex rel. Nebraska State Bar Assn. v. Erickson*, 204 Neb. 692, 704, 285 N.W.2d 105, 111 (1979).

In the present case, the record shows and the parties have stipulated that Mills has fully complied with the terms of his suspension. No evidence suggests that he has engaged in the practice of law or that he has engaged in any improper conduct since being suspended by this court. The Counsel for Discipline acknowledges that Mills is not currently under disciplinary investigation and that there are no pending disciplinary complaints against Mills.

Mills has shown that he will not in the future engage in conduct offensive to the practice of law. When suspending Mills in 2003, this court found as follows:

> It is clear from the record that Mills' behavior surrounding his handling of the Borgelt estate was an isolated incident in what has otherwise been an exemplary legal career. The record indicates that Mills is involved in his community and has countless letters of support from judges, lawyers, and laypersons. In addition, Mills has never been disciplined in the 30 years he has been authorized to practice law in Nebraska.

*Mills*, 267 Neb. at 71, 671 N.W.2d at 776.

In the present proceeding, Mills has sworn by affidavit that he agrees to abide by the rules of this court. The record also contains numerous letters in support of Mills' application for

reinstatement written by attorneys, county officials, businesspersons, community leaders, and former clients. These letters attest to Mills' good reputation, experience, community involvement, willingness to provide pro bono legal services, remorse for the improper conduct that precipitated his suspension, and adherence to this court's suspension order.

Despite not having appealed the private reprimand of Mills issued on December 3, 2004, the Counsel for Discipline now alleges that the private reprimand was an insufficient sanction for Mills' subsequent felony conviction. The sole reason offered by the Counsel for Discipline against reinstatement is that after he was suspended, Mills received a federal felony conviction for his conduct relating to the Borgelt estate.

The problem with the Counsel for Discipline's argument is that this court has already sanctioned Mills for the conduct which is at issue. He was suspended from the practice of law. Furthermore, after Mills pleaded guilty to the federal charge and was sentenced as described above, the Committee determined that a private reprimand of Mills would be appropriate. The Committee's determination was affirmed by the Board, and no further appeal was taken by the Counsel for Discipline. Mills was thus privately reprimanded in December 2004.

Mills has fully complied with the order of suspension issued by this court, and he has successfully completed the requirements of his sentence in the federal case. He has affirmatively shown that he will not in the future engage in conduct offensive to the practice of law. The chairpersons of the Committee and the Board have filed statements in support of his reinstatement. We conclude that Mills should be reinstated to the practice of law.

## CONCLUSION

For the reasons stated herein, we order that Mills be reinstated to the practice of law in the State of Nebraska, effective immediately.

APPLICATION FOR REINSTATEMENT GRANTED.

WRIGHT, J., participating on briefs.

GERRARD and MCCORMACK, JJ., not participating.