Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2016 09:07 AM CDT

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. LAIRD T. MOORE, RESPONDENT.
___ N.W.2d ___

Filed July 22, 2016.    No. S-15-1177.

Original action. Judgment of suspension.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the conditional admission filed by Laird T. Moore, respondent, on May 26, 2016. The court accepts respondent's conditional admission and orders that respondent be suspended from the practice of law for a period of 2 years followed by 2 years' monitored probation upon reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on May 3, 2002. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska.

On December 18, 2015, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of two counts against respondent. In the two counts, it is alleged that by his conduct, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond.

§§ 3-501.1 (competence); 3-501.3 (diligence); 3-501.4(a) and (b) (communications); 3-501.15(a), (c), and (d) (safekeeping property); 3-508.1(b) (bar admission and disciplinary matters); and 3-508.4(a) and (d) (misconduct).

With respect to count I, the formal charges state that on November 20, 2014, a client filed a grievance against respondent stating that respondent had failed to adequately represent her in her divorce case. On November 26, the Counsel for Discipline mailed a copy of the client's grievance to respondent at his then-current business address. Respondent was instructed to submit a written response to the client's grievance, but he did not.

On January 15, 2015, the Counsel for Discipline sent a followup letter to respondent directing him to submit a written response to the client's grievance. Respondent did not respond to the January 15 letter. On February 4, the Counsel for Discipline sent another followup letter to respondent. On February 13, respondent called the Counsel for Discipline and stated that he would submit his response to the client's grievance on February 17. On February 18, the Counsel for Discipline received respondent's initial response to the client's grievance.

A copy of respondent's response was mailed to the client, who submitted her reply on March 13, 2015. In her response, the client stated that respondent was not prepared for her trial, he had not contacted witnesses, and he had failed to deliver her file to her new attorney despite repeated requests. The client further stated in her response that respondent failed to provide an accounting of his time to justify the fee she paid him.

On July 10, 2015, the Counsel for Discipline sent a letter to respondent asking for specific information regarding respondent's representation of the client. In addition, the Counsel for Discipline requested that respondent provide evidence that he had deposited the client's $1,450 advance fee payment into his trust account. The letter was mailed to respondent's personal residence, and it was also sent to his current e-mail address.

The formal charges state that as of December 17, respondent had not yet responded to the July 10 letter.

The formal charges allege that by his actions with respect to count I, respondent violated his oath of office as an attorney and professional conduct rules §§ 3-501.1; 3-501.3; 3-501.4(a) and (b); 3-501.15(a), (c), and (d); 3-508.1(b); and 3-508.4(a) and (d).

With respect to count II, the formal charges state that on January 17, 2011, a second client and her son signed fee agreements with respondent to represent their interests arising from a traffic collision. On March 2, 2015, the second client filed a grievance against respondent stating that respondent had neglected her case and had failed to communicate with her.

On March 5, 2015, the Counsel for Discipline sent respondent a copy of the second client's grievance. Respondent was directed to file a response within 15 working days. The March 5 letter was mailed to respondent by certified mail at his office address maintained by respondent with the Attorney Services Division of the Nebraska Supreme Court. The certified letter was received at respondent's address on March 9. Respondent did not respond to the March 5 letter.

On June 10, 2015, the Counsel for Discipline mailed a follow-up letter to respondent. On June 18, the letter was returned to the Counsel for Discipline as undeliverable.

On July 10, 2015, the Counsel for Discipline sent a copy of its June 10 letter to respondent at his e-mail address. The formal charges state that as of December 17, respondent had not responded to the letter or otherwise contacted the Counsel for Discipline.

The formal charges allege that by his actions with respect to count II, respondent violated his oath of office as an attorney and professional conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a) and (b), 3-508.1(b), and 3-508.4(a) and (d).

On February 29, 2016, respondent filed an answer to the formal charges. By his denials in his answer, respondent raised issues of fact, and accordingly, a referee was appointed.

On May 26, 2016, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.1; § 3-501.3; 3-501.4(a) and (b); 3-501.15(a), (c), and (d); 3-508.1(b); and 3-508.4(a) and (d). In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in connection therewith in exchange for a 2-year suspension followed by 2 years' monitored probation. Upon reinstatement, if accepted, the monitoring shall be by an attorney licensed to practice law in the State of Nebraska and who shall be approved of by the Counsel for Discipline. Respondent shall submit a monitoring plan with his application for reinstatement which shall include, but not be limited to, the following: During the first 6 months of probation, respondent will meet with and provide the monitor a weekly list of cases for which respondent is currently responsible, which list shall include the date the attorney-client relationship began; the general type of case; the date of last contact with the client; the last type and date of work completed on the file (pleading, correspondence, document preparation, discovery, or court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly, contingency, et cetera). After the first 6 months through the end of probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information as set forth above. Respondent shall work with the monitor to develop and implement appropriate office procedures to ensure that the clients' interests are protected. Respondent shall reconcile his trust account within 10 working days of receipt of the monthly bank statement and provide the monitor with a copy within 5 working days. Respondent shall submit a quarterly compliance report to the Counsel for Discipline, demonstrating that

respondent is adhering to the foregoing terms of probation. The quarterly report shall include a certification by the monitor that the monitor has reviewed the report and that respondent continues to abide by the terms of probation. If at any time the monitor believes respondent has violated the professional conduct rules or has failed to comply with the terms of probation, the monitor shall report the same to the Counsel for Discipline. Finally, respondent shall pay all the costs in this case, including the fees and expenses of the monitor, if any.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1; § 3-501.3; 3-501.4(a) and (b); 3-501.15(a), (c), and (d); 3-508.1(b); and 3-508.4(a) and (d) and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is suspended from the practice of law for a period of 2 years, effective immediately, after which period respondent may apply for reinstatement to the bar. Should respondent apply for reinstatement, his reinstatement shall be conditioned upon respondent's being on probation for a period of 2 years, including monitoring, following reinstatement, subject to the terms agreed to by respondent in the conditional admission and outlined above. Acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan, the terms of which are consistent with this opinion. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.