Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/26/2018 09:13 AM CDT

- 855 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
298 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. JEREMY C. JORGENSON, RESPONDENT.

___ N.W.2d ___

Filed February 2, 2018.    No. S-17-487.

1. **Disciplinary Proceedings.** Violation of a disciplinary rule concerning the practice of law is a ground for discipline.
2. ____. The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.
3. ____. With respect to the imposition of attorney discipline, each attorney discipline case must be evaluated in light of its particular facts and circumstances.
4. ____. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.
5. ____. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.
6. ____. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.
7. **Judgments: Records: Judicial Notice.** A court has the right to examine its own records and take judicial notice of its own proceedings and judgments in a former action.
8. **Disciplinary Proceedings.** Cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.

- 856 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

9. ____. An attorney's cooperation with the discipline process is fundamental to the credibility of attorney disciplinary proceedings.

Original action. Judgment of suspension.

Julie L. Agena, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

On May 11, 2017, formal charges containing two counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against Jeremy C. Jorgenson, respondent. Jorgenson filed no answer to the formal charges. We granted the Counsel for Discipline's motion for judgment on the pleadings under Neb. Ct. R. § 3-310(I) (rev. 2014), limited to the facts set forth in the formal charges, and ordered the parties to brief the issue of the appropriate discipline to impose. In its brief, relator suggested the discipline of suspension. Jorgenson did not file a brief. We now order that Jorgenson be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 2 years, effective immediately.

## STATEMENT OF FACTS

Jorgenson was admitted to the practice of law in the State of Nebraska on April 15, 2008. At all relevant times, he was engaged in private practice in Omaha, Nebraska.

The formal charges filed by relator consist of two counts and allege that Jorgenson (1) failed to provide competent and diligent representation to his client when he failed to appear at oral arguments on the client's appeal, (2) knowingly disobeyed his obligation to the court by failing to appear at oral arguments, (3) failed to adequately supervise support staff, and (4) failed to timely respond to a demand for information

- 857 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

from the Counsel for Discipline. Below, we set forth the factual basis for each count and the procedural history of the present action.

## Count I

The first count arises out of Jorgenson's failure to appear for oral arguments in the U.S. Court of Appeals for the Eighth Circuit.

On October 19, 2016, Jorgenson, who had been appointed to represent the appellant, returned the court's "Oral Argument Response Form" to the Eighth Circuit. In the form, Jorgenson acknowledged receipt of the court's calendar scheduling oral arguments in Lincoln, Nebraska, on October 25, 2016; however, Jorgenson failed to appear on that date.

On October 26, 2016, the Eighth Circuit issued a show cause order, directing Jorgenson to show why he should not be personally disciplined for failing to appear and present oral arguments. Jorgenson failed to file a timely response.

On December 2, 2016, Jorgenson filed an untimely response to the show cause order. In his response, Jorgenson reported, inter alia, that he was unable to attend the oral arguments due to a multiweek capital murder trial followed by a death penalty aggravation hearing throughout the month of October 2016. Because of the demands of the trial, Jorgenson stated that in his absence, he relied on staff and other attorneys to meet his obligations to other clients. Jorgenson stated that he had various brief conversations with a paralegal regarding rescheduling the oral arguments and/or having another attorney substitute as counsel. Ultimately, the oral arguments were not rescheduled and Jorgenson alleged that he was not informed until the end of October that he had missed the oral arguments. After discussing the case with the assistant U.S. Attorney, Jorgenson alleges he was reassured that the matter would be considered on the briefs, which adequately apprised the Eighth Circuit of the issues presented. He claimed that his paralegal never opened the email served by the Eighth Circuit containing the show cause order. Jorgenson reported that he

had apologized to his client and client's family members and that he accepted responsibility for failing to make the appropriate arrangements.

On December 6, 2016, the Eighth Circuit issued an order which determined that Jorgenson's actions would be grounds for suspension of his ability to practice before the Eighth Circuit or for disbarment; however, Jorgenson was not a member of the Eighth Circuit bar. The order stated that should Jorgenson ever apply for admission to the Eighth Circuit bar, he would not be permitted to become a member without a prior review and approval of the chief judge of the Eighth Circuit. The order instructed the clerk not to appoint Jorgenson under the Criminal Justice Act in any future appeals, and to forward the details of the matter to the clerk of the U.S. District Court for the District of Nebraska and the Counsel for Discipline.

On January 12, 2017, a "notice of Formal Grievance" was sent to Jorgenson by certified mail. On January 31, Jorgenson responded, stating that he was unaware of the show cause order issued by the Eighth Circuit until December 2, 2016, and responded on the same day. He stated that during the capital murder trial, he had relied heavily on other lawyers and legal staff and that the paralegal tasked with checking his emails did not review them as instructed. Jorgenson further stated that an article published in an Omaha newspaper regarding the Eighth Circuit's order was itself akin to a public reprimand. He reported that since the publication of the newspaper article, his firm had interfered with his ability to access client information and respond to matters promptly.

The formal charges for count I allege that Jorgenson (1) failed to provide competent and diligent representation to his client when he failed to appear at oral arguments for his appeal, (2) knowingly disobeyed his obligation to the court by failing to appear at oral arguments, and (3) failed to adequately supervise support staff. The charges allege that through these actions, Jorgenson violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond.

- 859 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

§§ 3-501.1 (competence), 3-501.3 (diligence), 3-503.4(c) (fairness to opposing party and counsel), and 3-508.4(a) and (d) (misconduct).

## Count II

The second count generally arises out of Jorgenson's failure to communicate with relator.

On August 30, 2016, relator sent Jorgenson notification that a preliminary inquiry had been opened pursuant to a client grievance from K.H. The notification asked for written explanation of the issues raised in the grievance.

After Jorgenson failed to respond to the notice, on September 19, 2016, relator sent a second letter requesting a written explanation of the issues raised by K.H. The letter indicated that a failure to respond "'may, in and of itself, be enough to elevate the matter to a more severe level of discipline.'"

Jorgenson requested additional time to respond to K.H.'s grievance, due to the pending capital murder trial and the need for additional time to review his records regarding the complainant's matter. Extra time was granted. After the capital murder trial ended on October 28, 2016, Jorgenson failed to provide a written response to the preliminary inquiry.

On January 12, 2017, a notice of formal grievance was sent by certified mail to Jorgenson. On January 31, Jorgenson responded and noted that his "'ability to respond promptly was frustrated in multiple ways.'" Specifically, he reported that his cell phone had become inoperable, that he had lost his text message conversations with K.H.'s family, and that his server account had been canceled causing the loss of thousands of emails and his calendar. He reported that "[b]ecause of the length of [the capital murder trial], and considering that the most important concern of [K.H.'s] was receiving the documents, I thought my time was more appropriately spent getting caught up in other pending matters that had been on hold during [the capital murder trial]."

The formal charges for count II allege that in failing to timely respond to a demand for information from relator,

Jorgenson violated his oath of office as an attorney, § 7-104, and Neb. Ct. R. of Prof. Cond. § 3-508.1(b) (bar admission and disciplinary matters) and § 3-508.4(a) and (d) (misconduct).

## Procedural History

Pursuant to Neb. Ct. R. § 3-302, Jorgenson is under the jurisdiction of the Committee on Inquiry of the Second Judicial District.

On March 24, 2017, the formal complaint was sent to Jorgenson, providing 10 working days to submit a written response to the complaint. Jorgenson failed to respond. The matters alleged in the formal complaint were reviewed by the Committee on Inquiry pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). On May 8, the Committee on Inquiry determined there were reasonable grounds for discipline of respondent and that public interest would be served by the filing of formal charges.

On May 11, 2017, formal charges were filed against Jorgenson. On May 31, Jorgenson signed a receipt and entry of appearance which he filed with this court. Jorgenson failed to file a timely answer to the formal charges. On July 6, relator filed a motion for judgment on the pleadings pursuant to § 3-310(I), which we granted on August 8, limited as to the facts. The parties were directed to brief the issue of discipline.

Relator filed its brief on September 7, 2017, recommending the discipline of suspension. Jorgenson did not file a brief regarding discipline. The court entered a default notice against Jorgenson on October 17.

## ASSIGNMENT OF ERROR

The only question before this court is the appropriate discipline.

## ANALYSIS

Because Jorgenson did not file an answer to the formal charges, this court granted the Counsel for Discipline's motion for judgment on the pleadings as to the facts. Having

- 861 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

concluded that Jorgenson violated the Rules of Professional Conduct and his oath of office as an attorney, § 7-104, we must determine the appropriate sanction.

[1,2] Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017). The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances. See *id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, § 3-310(N).

[3-5] We have observed that, with respect to the imposition of attorney discipline, each attorney discipline case must be evaluated in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017). For purposes of determining the proper discipline of an attorney, we consider the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id*. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases. *State ex rel. Counsel for Dis. v. Gast, ante* p. 203, 903 N.W.2d 259 (2017).

[6] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we

- 862 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *Id*.

[7] As aggravating factors, we note that Jorgenson has previously been disciplined. See *State ex rel. Counsel for Dis. v. Jorgenson*, 284 Neb. 507, 822 N.W.2d 367 (2012) (imposing discipline of public reprimand). A court has the right to examine its own records and take judicial notice of its own proceedings and judgments in a former action. *State ex rel. Counsel for Dis. v. Gast, supra*. Thus, in addition to the current formal charges, we also consider the relevant facts from Jorgenson's previous disciplinary proceedings. See *id*. (citing S*tate ex rel. Counsel for Dis. v. Lopez Wilson*, 283 Neb. 616, 811 N.W.2d 673 (2012); *State ex rel. Counsel for Dis. v. Ellis*, 283 Neb. 329, 808 N.W.2d 634 (2012)). In 2012, Jorgenson received a public reprimand and 1 year's probation for client incidents generally involving his entering into a contingency fee agreement to represent a client, when Jorgenson should have known the client's claims were time barred, and by entering into contingency fee agreements not committed to writing. See *State ex rel. Counsel for Dis. v. Jorgenson, supra*.

[8] In the present case, the facts established by our order granting judgment on the pleadings show that Jorgenson violated the disciplinary rules in two separate incidents in the same year involving noncompliance and a lack of communication with clients, with the courts, and with the Counsel for Discipline. This represents a pattern of noncompliance with our disciplinary rules, and cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions. See *State ex rel. Counsel for Dis. v. Gast, supra*.

As an additional aggravating factor, we note that Jorgenson's client, who was the appellant in the appeal to the Eighth Circuit, was left without counsel when respondent failed to

- 863 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. JORGENSON
Cite as 298 Neb. 855

appear for oral arguments before the Eighth Circuit. Rather than fully taking responsibility, Jorgenson blamed support staff which he evidently had failed to adequately supervise. Likewise, after receiving notification from relator that another client was seeking his file, Jorgenson took months to provide the file, blamed support staff for the delay, and minimized the importance of returning the client's file.

[9] We are unable to acknowledge mitigating factors, because we lack any record on the question. In the present disciplinary process, Jorgenson has failed to correspond with relator at several points, failed to respond to the formal charges by way of an answer, and failed to brief the issue of discipline as directed by this court. We have stated that responding to inquiries and requests for information from relator is an important matter, and an attorney's cooperation with the discipline process is fundamental to the credibility of attorney disciplinary proceedings. See *State ex rel. Counsel for Dis. v. Gast, ante* p. 203, 903 N.W.2d 259 (2017); *State ex rel. Counsel for Dis. v. Tonderum*, 286 Neb. 942, 840 N.W.2d 487 (2013). In failing to file an answer to the formal charges, Jorgenson missed the opportunity to enlighten us about any additional mitigating factors or his current or future fitness to practice law. Failing to participate in the disciplinary process is a very serious matter. See *id*.

Finally, we must consider the appropriate sanction, which we do with reference to the sanctions imposed in prior similar cases. Prior cases, though factually unique, offer some insight. See, e.g., *State ex rel. Counsel for Dis. v. Ubbinga*, 295 Neb. 995, 893 N.W.2d 694 (2017) (suspending attorney for 2 years who failed to complete work for client, failed to communicate with client, failed to provide client with file, and failed to cooperate with relator's investigation); *State ex rel. Counsel for Dis. v. Tighe*, 295 Neb. 30, 886 N.W.2d 530 (2016) (indefinite suspension after attorney failed to respond to formal charges regarding similar client issues, and requiring attorney to demonstrate that he has made behavioral changes that will allow him to practice law within disciplinary rules); *State ex*

*rel. Counsel for Dis. v. Moore*, 294 Neb. 283, 881 N.W.2d 923 (2016) (suspending attorney for 2 years with 2 years' monitored probation following conditional admission of attorney's client neglect, failure to communicate or provide accounting and refund to client, and lack of communication with relator); *State ex rel. Counsel for Dis. v. Tonderum, supra* (declining to disbar attorney and instead imposing indefinite suspension after attorney failed to respond to formal charges).

In view of the facts which have been established, and Jorgenson's conduct in connection with the current matter, we determine that Jorgenson be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 2 years, effective immediately. Upon application for reinstatement, Jorgenson shall fully answer for the current charges; shall fully answer for failing to respond to his clients, the Counsel for Discipline, and the courts; and shall also have the burden to demonstrate his present and future fitness to practice law.

## CONCLUSION

We order that Jorgenson be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 2 years, effective immediately. Jorgenson may apply for reinstatement consistent with the terms outlined above. Jorgenson shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Jorgenson is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and § 3-310(P) and Neb. Ct. R. § 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.

Wright, J., not participating.