Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/12/2018 08:10 AM CDT

- 195 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Kent J. Trembly, respondent.
___ N.W.2d ___

Filed June 15, 2018.    No. S-17-461.

1. **Disciplinary Proceedings: Appeal and Error.** Because attorney discipline cases are original proceedings before the Nebraska Supreme Court, the court reviews a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.

2. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.

3. ____. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.

4. ____. Each attorney discipline case must be evaluated in light of its particular facts and circumstances.

5. ____. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.

6. ____. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.

7. **Disciplinary Proceedings: Rules of the Supreme Court.** A pattern of noncompliance with Nebraska disciplinary rules and cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.

- 196 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

8. **Disciplinary Proceedings: Convictions.** A felony conviction is a strongly aggravating factor in determining the sanction ultimately imposed on an attorney.

9. **Disciplinary Proceedings.** An attorney's cooperation in disciplinary proceedings, taking responsibility for his or her actions, and lack of previous discipline are each mitigating factors.

10. ____. A continuing commitment to the legal profession and the community is also a mitigating factor in an attorney discipline case.

11. ____. When no exceptions to the referee's findings of fact in an attorney discipline case are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive.

12. **Disciplinary Proceedings: Case Disapproved.** *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003), is disapproved to the extent it was determined therein that a 2-year suspension was a sufficient sanction based on the egregious conduct substantiating the grounds for disciplinary action.

Original action. Judgment of suspension.

Julie L. Agena, Assistant Counsel for Discipline, for relator.

Clarence E. Mock, of Johnson & Mock, P.C., L.L.O., for respondent.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Hall, District Judge.

Per Curiam.

This is an attorney discipline case in which the only question before this court is the appropriate sanction. Kent J. Trembly admits to receiving a felony conviction for filing a false individual income tax return in the U.S. District Court for the District of Nebraska. The referee recommended Trembly be suspended from the practice of law for 18 months. However, after our de novo review of the record, we conclude a 3-year suspension from the practice of law is the proper sanction.

## BACKGROUND

Trembly was admitted to the practice of law in the State of Nebraska on September 28, 1994. At all relevant times, he was engaged in the practice of law in Wahoo, Nebraska.

## Grounds for Attorney Discipline

On December 16, 2015, the U.S. District Court for the District of Nebraska accepted Trembly's plea of guilty and found him guilty of the charge of filing a false tax return for tax year 2006, under I.R.C. § 7206(1) (2012). Specifically, Trembly filed a U.S. individual tax return that failed to report any gross receipts from his business activity—involving legal, veterinary, supplement sales, and investment brokerage businesses—omitting gross receipts of $1,110,982.77. On December 8, 2016, Trembly was sentenced to probation for 2 years, with 6 months of home restriction, and restitution in the amount of $110,374.58.

## Procedural History

On May 3, 2017, Counsel for Discipline of the Nebraska Supreme Court filed formal charges against Trembly, alleging that he violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. § 3-508.4(a) through (c). Trembly admitted to these allegations in his answer, and we sustained Counsel for Discipline's motion for judgment on the pleadings limited to the facts. We then appointed a referee for the taking of evidence limited to the appropriate discipline.

## Referee's Report

After an evidentiary hearing, the referee reported his findings of fact and recommendations for the appropriate sanction. The referee reasoned that omitting over $1 million of income from a tax return was serious, needed to be deterred, and reflected poorly on the reputation of the bar as a whole. However, the referee noted that Trembly's actions did not harm any clients and that "Trembly has accepted responsibility for the actions that form the basis of this proceeding, has satisfied all terms of his probation and has cooperated with Counsel for [D]iscipline to resolve this matter expeditiously."

The referee also identified certain mitigating factors that reflect on Trembly's present and future fitness to practice law: Trembly's cooperation with Counsel for Discipline and

- 198 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

acceptance of responsibility; Trembly's lack of prior disciplinary issues, with Counsel for Discipline or the professional boards in the three states where he holds a veterinarian license; and his honorable discharge from the Nebraska Air National Guard as a lieutenant colonel in 2014.

In the report, the referee acknowledged the seriousness of a felony conviction and that this court has generally found disbarment to be the appropriate sanction for attorneys who have received a felony conviction. Nevertheless, the referee stated that such discipline was not required and that "the nature of the conduct . . . ought to be evaluated more thoroughly than the final classification of any criminal proceeding."

The referee found Trembly's conduct more egregious than in cases where attorneys filed no income tax returns, receiving 1-year suspensions, but less egregious than in *State ex rel. Counsel for Dis. v. Mills*[1] (*Mills I*), where we issued a 2-year suspension. Because the attorney in *Mills I*, Stuart B. Mills, was convicted of a felony for the conduct we had disciplined him for after our proceedings and he received no additional suspension because of the conviction, the referee determined Trembly's felony conviction was essentially irrelevant to determining his discipline. In weighing the factors for imposing discipline and the mitigating factors, the referee determined the appropriate sanction for Trembly fell between cases involving 1-year and 2-year suspensions. Accordingly, the referee recommended Trembly be suspended from the practice of law for 18 months.

## ASSIGNMENT OF ERROR

The only question before this court is the appropriate discipline.

## STANDARD OF REVIEW

[1] Because attorney discipline cases are original proceedings before this court, we review a referee's recommendations

---

[1] *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003).

- 199 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

de novo on the record, reaching a conclusion independent of the referee's findings.[2]

## ANALYSIS

[2-4] The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.[3] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.[4] Each attorney discipline case must be evaluated in light of its particular facts and circumstances.[5]

Violation of a disciplinary rule concerning the practice of law is a ground for discipline.[6] Further, criminal offenses committed by an attorney and involving violence, dishonesty, breach of trust, or serious interference with the administration of justice require imposition of attorney discipline.[7]

Trembly admitted being convicted of a felony for filing a false individual income tax return and violating the Nebraska Rules of Professional Conduct and his oath of office as an attorney, § 7-104, in his answer to the formal charges. Thus, we granted Counsel for Discipline's motion for judgment on the pleadings as to the facts substantiating the grounds for

---

[2] *State ex rel. Counsel for Dis. v. Halstead*, 298 Neb. 149, 902 N.W.2d 701 (2017).

[3] *State ex rel. Counsel for Dis. v. Jorgenson*, 298 Neb. 855, 906 N.W.2d 43 (2018).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] See § 3-508.4, comment 2. See, also, *State ex rel. Counsel for Dis. v. Walz*, 291 Neb. 566, 869 N.W.2d 71 (2015).

- 200 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

disciplinary action. We must now determine the appropriate sanction.

Under Neb. Ct. R. § 3-304, this court may impose one or more of the following disciplinary sanctions: "(1) Disbarment by the Court; or (2) Suspension by the Court; or (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or (4) Censure and reprimand by the Court; or (5) Temporary suspension by the Court[.]"

[5,6] For purposes of determining the proper discipline of an attorney, we consider the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.[8] The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.[9]

### Nature of Offense

We have stated that "[t]here should be no question that the knowing failure to file tax returns and to pay taxes is a serious violation of the ethical obligations of an attorney."[10] Trembly's actions are even more serious in light of his affirmative misrepresentation to the Internal Revenue Service (IRS) by underreporting his income and signing that the amount he did report was accurate. We have stated that the failure to file a tax return is a crime of moral turpitude, which is now reflected in a professional conduct rule prohibition against "commit[ing] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [and] engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation."[11]

---

[8] *Jorgenson, supra* note 3.

[9] *Id.*

[10] *State ex rel. NSBA v. Caskey*, 251 Neb. 882, 889, 560 N.W.2d 414, 418 (1997).

[11] § 3-508.4.

- 201 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

Another important consideration regarding the nature of Trembly's offense is the sheer magnitude of Trembly's conduct. The fact that Trembly underreported over $1.1 million in income makes the misrepresentation substantially more egregious.

## Deterrence and Reputation of Bar

Attorneys have an "'obligation to uphold the laws of the United States' and [a] felony conviction thus 'violate[s] basic notions of honesty and endanger[s] public confidence in the legal profession'" at the most egregious level.[12] Accordingly, crimes severe enough to warrant a felony conviction are those most detrimental to the bar and require a sanction deterring other members of the bar from committing such actions. While felonies resulting from actions harming a client or committed in the performance of duties as a legal professional are distinguishable from felonies committed as a member of the public, both violate the basic notion that attorneys are guardians of the law.

## Protection of Public

Trembly's actions were in his capacity as an individual, not an attorney, and did not harm any clients.

Nevertheless, the goal of attorney discipline proceedings is not as much punishment as a determination of whether it is in the public interest to allow an attorney to keep practicing law.[13] Providing for the protection of the public requires the imposition of an adequate sanction to maintain public confidence in the bar.[14]

## Attitude of Respondent

The referee stated, "Trembly has accepted responsibility for the actions that form the basis of this proceeding, has satisfied

---

[12] *State ex rel. Counsel for Dis. v. Council*, 289 Neb. 33, 47, 853 N.W.2d 844, 854 (2014).

[13] *Walz, supra* note 7.

[14] *Id.*

- 202 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

all terms of his probation and has cooperated with Counsel for [D]iscipline to resolve this matter expeditiously."

### Fitness to Continue Practice of Law

[7] There was no evidence presented of Trembly's being unfit to practice law based on any mental condition or any other issue in personal life. As mentioned above, a criminal act of any kind negatively reflects on an attorney's fitness to practice law. A pattern of noncompliance with our disciplinary rules and cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.[15]

Trembly's honorable discharge from the National Guard, his lack of other misconduct in the legal and veterinary professions, and his commitment to remedying his improper action each weigh in favor of his fitness. In fact, this single indiscretion, which occurred over 10 years ago, on his otherwise unblemished record of 23 years of legal practice provides a strong indication that he is fit to continue practicing and is unlikely to reoffend.[16]

### Aggravating Factors

As discussed above, the referee acknowledged that a felony conviction for the conduct at issue in disciplinary proceedings is significant, yet the referee gave little weight to Trembly's felony conviction in the recommended sanction. Neither Counsel for Discipline nor Trembly takes exception with the 18-month suspension recommended by the referee. However, Counsel for Discipline argues Trembly should be strongly sanctioned for his felony conviction.

Trembly contends that the referee was correct in determining we have not adopted a bright-line rule requiring disbarment for a felony conviction and the underlying conduct, not the felony conviction, should be our focal point for

---

[15] *Jorgenson, supra* note 3.

[16] See *Walz, supra* note 7.

- 203 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

determining discipline. He argues focusing on a conviction for the underlying conduct places undue influence on "the serendipitous exercise of unfettered discretion by a prosecuting authority."[17]

As the referee and parties acknowledge, we have not adopted a bright-line rule requiring the disbarment of attorneys who receive a felony conviction. In *State ex rel. Counsel for Dis. v. Walz*,[18] we explained that "[a]lthough we have not stated a 'bright line rule,' our case law involving discipline for felony convictions indicates that such a conviction reflects adversely upon a lawyer's fitness to practice law and that disbarment is considered to be the appropriate sanction." We note many of the cases cited in *Walz* included additional significant aggravating factors to the felony conviction.[19] Nevertheless, we stand behind our statement that the serious nature of a felony conviction alone is sufficient to warrant disbarment as an appropriate sanction but reiterate that such a sanction is not required.

Additionally, we do not believe this court should impose a bright-line rule that a felony conviction creates a presumption in favor of disbarment, as we have for acts of misappropriating funds and commingling.[20] Unlike those violations, the acts that may result in a felony conviction are simply too numerous to apply a rigid rule governing our determination of how to handle such conduct. Therefore, we agree with the parties that the nature of the conduct underlying the conviction, as well as the other factors for determining discipline, is the proper focal point for our proceedings. Nevertheless, we also refuse to adopt a rule that gives no effect to the existence of a felony conviction for the actions of an attorney.

---

[17] Brief for respondent at 9.

[18] *Walz, supra* note 7, 291 Neb. at 575, 869 N.W.2d at 77.

[19] See, *Council, supra* note 12; *State ex rel. Counsel for Dis. v. Wintroub*, 277 Neb. 787, 765 N.W.2d 482 (2009).

[20] See *Council, supra* note 12.

We are not persuaded by Trembly's argument that the discretionary decision of a prosecuting authority justifies disregarding the ultimate result of criminal charges. Instead, holding that the discretionary decision of an attorney charged with the duty of enforcing the law justifies disregarding the ultimate determination of a judge or jury on the charges brought would only harm the legal profession. Such discretionary decisions are based on the severity of the underlying offense and the need to deter others from committing similar acts, among other considerations; these are the same factors we consider in our own determination for sanctions. Further, the end result of a felony conviction carries with it substantial implications to the reputation of the bar and the protection of the public deserving of an appropriate disciplinary response.

We also reject the notion that our reinstatement of Mills without further sanctions established a precedent that a felony conviction is meaningless to the appropriate discipline for an attorney's conduct.[21] In *Mills I*, we determined the discipline appropriate for Mills' misconduct before any conviction had been imposed. Then, during our reinstatement proceedings in *State ex rel. Counsel for Dis. v. Mills*[22] *(Mills II)*, we considered only whether Mills affirmatively showed both that he had fully complied with the order of suspension and that he would not engage in practices offensive to the legal profession in the future, which he had. Whether Mills should have received further sanction for his felony conviction was not before this court. Instead, we explained Mills had been disciplined for his underlying conduct, with a 2-year suspension, and later for his felony conviction in separate proceedings, with a private reprimand, which Counsel for Discipline did not appeal to this court.[23]

---

[21] See *State ex rel. Counsel for Dis. v. Mills*, 272 Neb. 56, 736 N.W.2d 712 (2006).

[22] *Id.*

[23] *Id.*

- 205 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

[8] As we indicated in *Walz*, the fact that Mills had not been convicted of a felony at the time of our disciplinary proceedings was relevant to our consideration of the appropriate discipline.[24] Therefore, we consider a felony conviction to be a strongly aggravating factor in determining the sanction ultimately imposed on an attorney.

## Mitigating Factors

[9,10] Trembly fully cooperated with Counsel for Discipline, admitted to his misconduct, took responsibility for his actions, had practiced for many years, and had no previous disciplinary history. Further, the violation he committed was a completely isolated act not part of any pattern of misconduct. These are all mitigating factors.[25] Further, a continuing commitment to the legal profession and the community is also a mitigating factor in an attorney discipline case.[26]

[11] In his brief, Trembly argues that letters attesting to his good character and honesty were submitted to the referee as evidence. However, these letters were not mentioned in the referee's report, and Trembly has not taken exception to the findings of fact in the referee's report. When no exceptions to the referee's findings of fact in an attorney discipline case are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive.[27] We find the referee's report final and conclusive, so we do not consider any letters submitted on Trembly's behalf.

## Prior Cases

On two prior occasions, we have issued sanctions to attorneys who received a felony conviction for the same offense

---

[24] *Walz, supra* note 7.

[25] *Halstead, supra* note 2; *Council, supra* note 12.

[26] *Council, supra* note 12.

[27] *State ex rel. Counsel for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017).

- 206 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

as Trembly.[28] However, in both cases, the attorney voluntarily surrendered his license and we determined disbarment was an appropriate sanction without analysis.[29] Accordingly, we do not find either case binding here, where Trembly has not chosen to voluntarily relinquish his license.

Further, our reinstatement proceedings on one of these cases, *State ex rel. NSBA v. Scott*,[30] evidences its dissimilarity from the present case. During that proceeding, we reviewed the conduct of the attorney which formed the basis for the disciplinary proceedings: He admitted to receiving a felony conviction for filing a false income tax return and to filing false income tax returns continuously for 15 years.[31] In determining whether the attorney should be reinstated, we considered the fact he still owed the State of Nebraska $18,000 and the IRS $300,000 to $400,000 in unpaid taxes, fees, and penalties and over $61,000 in restitution for his underlying misconduct.[32] Additionally, we noted that 1 week before his disbarment, the attorney had received a 1-year suspension for deliberately lying to a court, among other misconduct.[33]

The cumulative acts of misconduct and an overall pattern of violating our ethical rules, the failure to comply with the restitution order of the sentence, and the voluntary license surrender each show a stark contrast between the circumstances in *State ex rel. NSBA v. Scott*[34] and this case. We note our proposition of law that disbarment ought not to be imposed

---

[28] *State ex rel. NSBA v. Scott*, 252 Neb. 749, 566 N.W.2d 741 (1997); *State ex rel. NSBA v. Watkins*, 252 Neb. 588, 563 N.W.2d 790 (1997).

[29] *Id.*

[30] *State ex rel. NSBA v. Scott*, 275 Neb. 194, 745 N.W.2d 585 (2008).

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

- 207 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

for an isolated act unless the act is of such a nature that it is indicative of permanent unfitness to practice law.[35]

We have also sanctioned attorneys in numerous cases for failing to file income tax returns, each representing a pattern of failure to do such.[36] In these cases, we have consistently sanctioned the attorneys with a 1-year suspension of their license.[37] This case, however, is distinguishable from these cases based on the affirmative misrepresentation, the felony conviction, and the magnitude of the offense.

The referee found *Mills I* to be the most analogous case to the facts here but also stated that the facts of *Mills I* were more egregious. In *Mills I*, Mills' misconduct included filing a federal estate tax return form with the IRS containing affirmative misrepresentations. Additionally, Mills showed a pattern of misconduct by improperly notarizing and altering client renunciations and deeds, lying to an IRS agent, encouraging his clients to lie to an IRS agent, and causing a loss to the estate he was handling.[38]

We considered these violations collectively as an isolated incident in the attorney's career because they occurred in the course of one case.[39] Other mitigating factors included Mills' full compliance with Counsel for Discipline, showing of remorse, otherwise unblemished career of 30 years, and community involvement. We sanctioned Mills with a 2-year suspension.[40]

Also, as noted above, Mills was convicted of a felony for his filing with the IRS after our proceedings in *Mills I*.

---

[35] *State ex rel. NSBA v. Douglas*, 227 Neb. 1, 416 N.W.2d 515 (1987).

[36] See, e.g., *State ex rel. NSBA v. Duchek*, 224 Neb. 777, 401 N.W.2d 484 (1987); *State ex rel. Nebraska State Bar Assn. v. Fitzgerald*, 165 Neb. 212, 85 N.W.2d 323 (1957).

[37] *Id.*

[38] *Mills I, supra* note 1.

[39] *Id.*

[40] *Id.*

- 208 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

We noted in *Walz* that the absence of this aggravating factor when we sanctioned Mills may have affected the ultimate sanction.[41]

[12] In light of the felony conviction Mills received and the egregious conduct substantiating the grounds for disciplinary action, we disapprove of the 2-year suspension imposed in *Mills I* to the extent that it was considered sufficient.

We agree that *Mills I* includes similar misconduct and mitigating factors to the case at hand. While the breadth of Mills' misconduct was greater than Trembly's and represented a pattern of misconduct, Trembly's misconduct was of a greater magnitude. Both attorneys had long careers with only one period of misconduct, were fully cooperative with Counsel for Discipline, and presented other mitigating factors. Based on our determination that the 2-year suspension in *Mills I* was insufficient and on the strongly aggravating factor of a felony conviction, we think a 2-year suspension would also be insufficient here.

### Sanction

Trembly's felony conviction for filing a false income tax return underreporting more than $1.1 million in income was an offense of moral turpitude that requires a sanction sufficient to maintain the public's confidence in the bar and deter such action in other attorneys. Further, the magnitude of the violation and the resulting felony conviction aggravate the misconduct. Conversely, Trembly's attitude and demonstrated fitness to continue practicing law, the fact that no clients were harmed by his actions, and the numerous mitigating factors each warrant leniency.

These factors make this case most analogous to *Mills I*, in which we sanctioned the attorney with a 2-year suspension. Because the sanction imposed in *Mills I* was insufficient for the violation and because of the aggravating factor of

---

[41] *Walz, supra* note 7.

- 209 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. TREMBLY
Cite as 300 Neb. 195

Trembly's felony conviction, we hold that a 3-year suspension of Trembly's license is necessary to maintain the public's confidence in the bar and deter such action in other attorneys.

## CONCLUSION

Upon our de novo review of the record, we conclude the appropriate sanction for Trembly's misconduct is a 3-year suspension. Accordingly, we find the referee's recommendation of an 18-month suspension to be in error.

Trembly is hereby suspended from the practice of law for a period of 3 years, effective immediately. Trembly is directed to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Trembly is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

HEAVICAN, C.J., not participating in the decision.