his convictions and the finding that he is a habitual criminal. We also affirm the sentences of 10 years for each burglary conviction, as enhanced. However, we remand the cause to the district court to determine whether the sentences should be served concurrently or consecutively.

AFFIRMED IN PART, AND IN PART
REMANDED FOR RESENTENCING.

HEAVICAN, C.J., not participating.

———————————

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. NICK A. SIMON, respondent.
___ N.W.2d ___

Filed June 27, 2014.    Nos. S-12-498, S-13-1149.

Original actions. No. S-12-498 dismissed as moot. Judgment of suspension in No. S-13-1149.

HEAVICAN, C.J., CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the conditional admission filed by Nick A. Simon, respondent, on April 22, 2014, in case No. S-13-1149. The court accepts respondent's conditional admission and enters an order of an indefinite suspension with no possibility for reinstatement until June 1, 2015, and 2 years of monitored probation following reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on April 14, 2009. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska. On December 31, 2013, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent in case No. S-13-1149. The formal charges consist

of nine counts against respondent, and all the counts relate to respondent's mishandling of immigration matters. The nine counts generally allege misconduct, incompetence, failure to communicate, and failure to act diligently. In the nine counts, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence); 3-501.3 (diligence); 3-501.4(a)(3), (4), and (5) (communications); and 3-508.4(a) and (d) (misconduct).

By way of background, respondent was temporarily suspended by this court on August 31, 2012, in case No. S-12-498. The application for temporary suspension to which respondent consented was based on the grievance of one client, and the allegations relating to this one client became count I in the formal charges filed in case No. S-13-1149, described above. Respondent has not been reinstated since he was temporarily suspended. By virtue of our resolution of the instant case, case No. S-12-498 is dismissed as moot.

On April 22, 2014, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and conduct rules §§ 3-501.1; 3-501.3; 3-501.4(a)(3), (4), and (5); and 3-508.4(a) and (d). In the conditional admission, respondent outlined his mental health issues and steps taken to cope. Respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for an indefinite suspension with no possibility for reinstatement until June 1, 2015, and 2 years of monitored probation following reinstatement. If accepted, the monitoring shall be by an attorney licensed to practice law in the State of Nebraska and who shall be approved by the Counsel for Discipline. The monitoring plan shall include, but not be limited to, the following: During the first 6 months of probation, respondent will meet with and provide the monitor a weekly list of cases for which respondent is currently responsible, which list shall include the date the attorney-client relationship began; the general type of case;

the date of last contact with the client; the last type and date of work completed on file (pleading, correspondence, document preparation, discovery, court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly, contingency, et cetera). After the first 6 months through the end of the probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information set forth above. Respondent shall reconcile his trust account within 10 days of receipt of the monthly bank statement and provide the monitor with a copy within 5 days, and respondent shall submit a quarterly compliance record to the Counsel for Discipline demonstrating that respondent is adhering to the foregoing terms of probation. The quarterly report shall include a certification by the monitor that the monitor has reviewed the report and that respondent continues to abide by the terms of probation. Finally, respondent shall pay all the costs in this case, including the fees and expenses of the monitor, if any.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline "will protect the public, the reputation of the Bar and the administration of justice."

Upon due consideration, we approve the conditional admission, and we order an indefinite suspension effective immediately with no possibility of reinstatement until June 1, 2015, and, following reinstatement, 2 years of monitored probation subject to the terms outlined above.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated

form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1; 3-501.3; 3-501.4(a)(3), (4), and (5); and 3-508.4(a) and (d); and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Case No. S-12-498 is dismissed as moot. In this case, S-13-1149, respondent is indefinitely suspended from the practice of law, effective immediately, with no possibility of reinstatement until June 1, 2015. Should respondent apply for reinstatement, his reinstatement shall be conditioned upon respondent's being on probation for a period of 2 years, including monitoring, following reinstatement, subject to the terms agreed to by respondent in the conditional admission and outlined above. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb.

Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

No. S-12-498 dismissed as moot.

Judgment of suspension in No. S-13-1149.

Wright, J., not participating.

———————————

In re Rolf H. Brennemann Testamentary Trust.
Kim Abbott, beneficiary, appellant, v. John E.
Brennemann et al., Trustees, appellees.
___ N.W.2d ___

Filed June 27, 2014.    No. S-12-1029.

1. **Trusts: Equity: Appeal and Error.** Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record. But when an equity question is presented, appellate review of that issue is de novo on the record.
2. **Trusts: Records.** Where a trustee fails to maintain proper records, all doubts regarding his administration of the trust are resolved against him.
3. **Trusts: Proof.** An accounting is ordinarily an appropriate remedy for a breach of the duty to inform and report. And if ordered, the trustees would have the burden to prove its completeness and accuracy once questioned.
4. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Moore and Riedmann, Judges, on appeal thereto from the County Court for Grant County, James J. Orr, Judge. Judgment of Court of Appeals affirmed in part and in part reversed, and cause remanded for further proceedings on the issue of attorney fees.

David A. Domina and Jeremy R. Wells, of Domina Law Group, P.C., L.L.O., for appellant.

Neil E. Williams and Nathaniel J. Mustion, of Lane & Williams, P.C., L.L.O., for appellees.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.