Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/28/2017 09:10 AM CDT

- 624 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ISLAND
Cite as 296 Neb. 624

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Bell Island, respondent.
___ N.W.2d ___

Filed May 5, 2017.    No. S-16-715.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

On July 22, 2016, formal charges containing one count were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against Bell Island, respondent. Respondent filed an answer to the formal charges on September 19. A referee was appointed, and the referee held a hearing on the charges.

The referee filed a report on February 6, 2017. With respect to the formal charges, the referee concluded that respondent's conduct had violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-503.6 (trial publicity), 3-504.1(a) (truthfulness in statements to others), and 3-508.4(a) and (d) (misconduct). With respect to the discipline to be imposed, the referee recommended a public reprimand. Neither relator nor respondent filed exceptions to the referee's report. The parties filed a joint motion for judgment on the pleadings under Neb. Ct. R.

- 625 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ISLAND
Cite as 296 Neb. 624

§ 3-310(L) (rev. 2014) of the disciplinary rules. We grant the motion for judgment on the pleadings and impose discipline as indicated below.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 22, 1994. At all times relevant to these proceedings, he was engaged in the practice of law in Gering, Nebraska.

On July 22, 2016, relator filed formal charges against respondent. The formal charges contain one count generally regarding respondent's statements to the press regarding his client's refusal to testify at a murder trial. The formal charges alleged that by his conduct, respondent violated his oath of office as an attorney pursuant to Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. Ct. R. of Prof. Cond. § 3-504.4(a) (respect for rights of third persons), as well as professional conduct rules §§ 3-503.6(a), 3-504.1(a), and 3-508.4(a), (c), and (d). On September 19, respondent filed his answer to the formal charges, generally denying the allegations set forth in the formal charges.

A referee was appointed on October 5, 2016. The referee held a hearing on the formal charges on December 21.

After the hearing, the referee filed his report and recommendation on February 6, 2017. The substance of the referee's findings may be summarized as follows: In July 2008, a 2-year-old child was murdered in her home in Scotts Bluff County. At the time she was murdered, the only adults present in the home were the child's mother, who became respondent's client; the client's boyfriend, Dustin Chauncey; and their friend. A law enforcement investigation ensued, but no criminal charges were filed at that time. During the investigation, in late 2008 or early 2009, respondent began representing the client. Prior to respondent's involvement, the client had given several inconsistent statements to law enforcement regarding the events that occurred on the night that her child was

- 626 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ISLAND
Cite as 296 Neb. 624

murdered, but after respondent became involved, the client gave no further statements to law enforcement.

Following pressure from the community, the district court for Scotts Bluff County appointed James Zimmerman to conduct a grand jury. The court appointed Zimmerman from outside the Scotts Bluff County Attorney's office in order to alleviate community concerns that the county attorney had not brought criminal charges. The grand jury convened and returned an indictment against Chauncey for intentional child abuse resulting in death, a Class IB felony. The grand jury also indicted the client as an accessory after the fact in the death of her child, a Class IV felony. The charges against the client were dismissed because the statute of limitations had run. The charges against Chauncey proceeded to trial.

Chauncey's trial commenced on February 23, 2015. Zimmerman wanted the client to testify. On February 24, Zimmerman sent respondent an email containing an outline of the questions which Zimmerman intended to ask the client during his direct examination of her. Respondent did not respond to Zimmerman's email. The client invoked her Fifth Amendment right to remain silent, and Zimmerman moved to grant the client immunity regarding her testimony. The court ordered that the client give her testimony and that if she refused, she would be held in contempt of court. After conferring with respondent, the client refused to testify, and she was held in contempt of court by an order filed February 24. On February 25, the client was brought back before the court. She again indicated that she was refusing to testify, and she continued to be held in contempt of court.

During the trial on February 25, 2015, Zimmerman learned that a press release had been issued to a local radio station. The press release had been issued at respondent's direction on behalf of his client, and it stated:

> "[The client] continues to desire to cooperate with the Prosecution, however, the only testimony they want to

- 627 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ISLAND
Cite as 296 Neb. 624

believe is their version of the truth. The Prosecution's version of the truth, while inconsistent with the actual events, forces [respondent's client] to either lie or face perjury charges. She continues to desire justice for her daughter . . . but will not lie to achieve that result."

Chauncey's trial was concluded on February 26, 2015, and Chauncey was found guilty of intentional child abuse resulting in death. See *State v. Chauncey*, 295 Neb. 453, 890 N.W.2d 453 (2017). The client was released from custody, because there was no longer a need for her to testify.

On April 27, 2015, after the completion of Chauncey's trial, Zimmerman submitted a formal complaint to relator in which he outlined the formal charges he felt should be brought against respondent.

In the referee's report on the formal charges, the referee determined that respondent knowingly made false statements of material fact and/or law to a third person, made an extra-judicial statement that was disseminated by means of public communication that would have had a substantial likelihood of materially prejudicing the adjudicative proceeding at issue, and engaged in conduct which is prejudicial to the administration of justice. Accordingly, the referee found that respondent violated professional conduct rules §§ 3-503.6, 3-504.1(a), and 3-508.4(a) and (d). However, the referee found that respondent did not violate his oath of office as an attorney or professional conduct rule § 3-504.4.

The referee identified certain aggravating factors, including that the nature of the press release was highly offensive given the fact that it directly called into question Zimmerman's integrity in the prosecution of the criminal proceedings against Chauncey. The referee stated that the public nature of the press release called into question the reputation of the bar in a community that was already struggling with the lengthy delay in the prosecution of this matter. The referee also recognized that the discipline to be imposed must be clear in order to deter

others who feel the need to issue such press releases. The referee further noted that respondent had received a public reprimand for an incident that occurred around the same time as the incident at issue in this case.

The referee also identified certain mitigating factors, including that respondent's actions did not endanger the public, that respondent regretted the wording of the press release, and that respondent did not mean to call into question Zimmerman's integrity and ethics. The referee also noted that other than the public reprimand noted above, respondent had not received any other discipline, and the referee stated: "Two incidents occurring near the same time over a twenty (20) year period of practice, would not indicate that he is not fit to continue the practice of law in the State of Nebraska."

With respect to the sanctions to be imposed for the foregoing actions, considering the aggravating and mitigating factors, the referee recommended a public reprimand.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings under § 3-310(L). When no exceptions to the referee's findings of fact are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Ubbinga*, 295 Neb. 995, ___ N.W.2d ___ (2017). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude that the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted.

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Thebarge*, 289 Neb. 356, 854 N.W.2d 914 (2014). Violation of a disciplinary rule concerning the practice of law is a ground for discipline, and disciplinary charges against an attorney must be established

- 629 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ISLAND
Cite as 296 Neb. 624

by clear and convincing evidence. *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 844 N.W.2d 771 (2014). See, also, *State ex rel. Counsel for Dis. v. Tighe*, 295 Neb. 30, 886 N.W.2d 530 (2016).

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated §§ 3-503.6, 3-504.1(a), and 3-508.4(a) and (d) of the professional conduct rules.

We have stated that the basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances. See *State ex rel. Counsel for Dis. v. Ubbinga, supra*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

> (A) Misconduct shall be grounds for:
> (1) Disbarment by the Court; or
> (2) Suspension by the Court; or
> (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
> (4) Censure and reprimand by the Court; or
> (5) Temporary suspension by the Court; or
> (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
> (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, § 3-310(N).

With respect to the imposition of attorney discipline in an individual case, each attorney discipline case must be evaluated in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Ubbinga, supra*. For purposes of determining the proper discipline of an attorney, we consider

the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id*.

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *Id*.

The evidence in the present case establishes, among other facts, that respondent knowingly issued a press release on behalf of his client which called into question the integrity of Zimmerman, who was the attorney prosecuting the criminal case against Chauncey. The press release indicated that Zimmerman wanted respondent's client to testify at the trial and "'to either lie or face perjury.'" More fully, the press release stated that "'[t]he Prosecution's version of the truth, while inconsistent with the actual events, forces [the client] to either lie or face perjury charges. She continues to desire justice for her daughter . . . but will not lie to achieve that result.'"

As aggravating factors, we note, as did the referee, that the press release was offensive and that the public nature of the press release called into question the reputation of the bar as a whole. We further note that respondent had received a public reprimand for an incident that occurred around the same time as the incident at issue in this case.

As mitigating factors, we acknowledge, as did the referee, that respondent has indicated that he regretted the wording of the press release and that he did not mean to call into question Zimmerman's integrity and ethics. We further note, as did the referee, that other than a prior public reprimand, respondent has not received any other discipline.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be publicly reprimanded.

## CONCLUSION

The motion for judgment on the pleadings is granted. Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with § 3-310(P) and Neb. Ct. R. § 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.