Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. TOBIN D. WOLFE, respondent.

___ N.W.2d ___

Filed September 21, 2018.    No. S-18-437.

Original action. Judgment of suspension.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PER CURIAM.

## INTRODUCTION

On May 2, 2018, formal charges containing 10 counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Tobin D. Wolfe. Respondent filed an answer to the charges on May 23. A referee was appointed on June 4. The referee conducted a hearing on July 24.

The referee filed a report on August 14, 2018. With respect to the 10 charges, the referee concluded that through respondent's conduct, he had breached the following provisions of the Nebraska Court Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (communication), 3-501.5(f) (timely accounting for fees), 3-501.16(d) (refunding fees on termination of representation), 3-508.1(b) (responding to bar admission and disciplinary matters), and 3-508.4 (misconduct) (rev. 2016). The referee further found that respondent had violated his oath of office as an attorney licensed to practice law in the State of

Nebraska. See Neb. Rev. Stat. § 7-104 (Reissue 2012). With respect to the discipline to be imposed, the referee recommended suspension of respondent's license to practice law for a period of 2 years, commencing from the date of temporary suspension, November 6, 2017, followed by a period of supervision of 2 years upon readmission. Respondent agreed to the proposed sanction. Neither relator nor respondent filed exceptions to the referee's report. The parties filed a joint motion for judgment on the pleadings under Neb. Ct. R. § 3-310(L) (rev. 2014) of the disciplinary rules. We grant the motion for judgment on the pleadings and impose discipline as indicated below.

FACTS

Respondent was admitted to the practice of law in the State of Nebraska on April 23, 2013. At all times relevant to these proceedings, he has practiced in Lincoln, Nebraska.

The substance of the referee's findings may be summarized as follows: Respondent has practiced law since 2013, including family law, and on November 6, 2017, his license to practice law in Nebraska was temporarily suspended until further order of this court. The violations arise from respondent's conduct with respect to 10 clients who filed grievances with the Counsel for Discipline between April 3 and December 6, 2017. The pertinent facts are not in dispute in this case and were admitted in respondent's answer or acknowledged in his testimony.

The referee held a hearing at which respondent testified and evidence was adduced. In a report filed August 14, 2018, the referee found that through respondent's conduct, he had breached provisions of the Nebraska Court Rules of Professional Conduct as follows:

• With respect to count I, respondent engaged in misconduct under § 3-508.4 by failing to provide a full accounting on request under § 3-501.5(f), and failing to properly and timely respond to the Counsel for Discipline under § 3-508.1(b).

- With respect to count II, respondent engaged in misconduct under § 3-508.4 by failing to provide a full accounting under § 3-501.5(f), failing to timely refund unearned fees under § 3-501.16, failing to properly communicate with his client as required by § 3-501.4, and failing to properly and timely respond to the Counsel for Discipline in violation of § 3-508.1(b).
- With respect to count III, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4, and failing to timely respond to the Counsel for Discipline in violation of § 3-508.1(b).
- With respect to count IV, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client as required by § 3-501.4, failing to handle a matter with the requisite level of competence and diligence required by §§ 3-501.1 and 3-501.3, and failing to timely respond to the Counsel for Discipline as required by § 3-508.1(b).
- With respect to count V, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his clients in violation of § 3-501.4, failing to handle a matter with the requisite level of competence and diligence required by §§ 3-501.1 and 3-501.3, and failing to timely respond to the Counsel for Discipline as required by § 3-508.1(b).
- With respect to count VI, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4.
- With respect to count VII, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4.
- With respect to count VIII, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4, failing to timely furnish an accounting for fees and costs as required by § 3-501.5(f), and failing to return the client's file upon termination when requested.

- With respect to count IX, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4 and failing to timely furnish an accounting for fees and costs as required by § 3-501.5(f).
- With respect to count X, respondent engaged in misconduct under § 3-508.4 by failing to properly communicate with his client in violation of § 3-501.4, failing to provide competent representation required by § 3-501.1, and failing to act with reasonable diligence as required by § 3-501.3.

The referee further found that with regard to each of the counts enumerated above, respondent had violated his oath of office as an attorney licensed to practice law in the State of Nebraska. See § 7-104.

With respect to the discipline to be imposed, the referee recommended suspension of respondent's license to practice law for a period of 2 years, commencing from the date of temporary suspension, November 6, 2017, followed by a period of supervision of 2 years upon readmission. The referee noted in her report that respondent had no prior instances of misconduct or discipline.

In mitigation, respondent presented evidence from medical providers and testified that he began suffering a major depressive episode in late 2016 from a mental health condition which had been previously undiagnosed. The referee found that respondent established that his symptoms played a significant role in his conduct and found that ongoing treatment and adherence to respondent's health maintenance plan would reduce the risk of further misconduct.

## ANALYSIS

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel Counsel for Dis. v. Gast*, 298 Neb. 203, 903 N.W.2d 259 (2017). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *State ex rel. Counsel*

*for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017).
Violation of a disciplinary rule concerning the practice of law
is a ground for discipline. *Id*.

Based on the record and the undisputed findings of the
referee, we find that the above-referenced facts have been
established by clear and convincing evidence. Based on the
foregoing evidence, we conclude that by virtue of respond-
ent's conduct, respondent has violated §§ 3-501.1, 3-501.3,
3-501.4(a)(3) and (4), 3-501.5(f), 3-501.16(d), 3-508.1(b), and
3-508.4(a) and (d) of the professional conduct rules. We specif-
ically conclude that respondent has violated his oath of office
as an attorney, see § 7-104. Accordingly, we grant the parties
joint motion for judgment on the pleadings.

We have stated that the basic issues in a disciplinary pro-
ceeding against a lawyer are whether discipline should be
imposed, and, if so, the type of discipline appropriate under
the circumstances. *State ex rel. Counsel for Dis. v. Island,
supra*. Neb. Ct. R. § 3-304 of the disciplinary rules provides
that the following may be considered as discipline for attor-
ney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to
suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or
Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or
more of the disciplinary sanctions set forth above.

See, also, § 3-310(N) of the disciplinary rules.

With respect to the imposition of attorney discipline in an
individual case, we evaluate each attorney discipline case in
light of its particular facts and circumstances. *State ex rel.
Counsel for Dis. v. Island, supra*. For purposes of determining

the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id.*

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id.* We have considered prior discipline including reprimands as aggravators. *State ex rel. Counsel for Dis. v. Nich*, 279 Neb. 533, 780 N.W.2d 638 (2010).

The evidence in the present case establishes there were 10 separate grievances involving a wide range of misconduct, including failing to communicate with clients, failing to diligently complete work, failing to properly account for fees, failing to return client files following termination, and misstatements. When contacted by relator, respondent initially failed to respond for approximately 8 months following the initial grievance.

With respect to the discipline to be imposed, the referee recommended suspension of respondent's license to practice law for a period of 2 years, commencing from the date of temporary suspension, November 6, 2017, followed by a period of supervised probation of 2 years upon readmission. The referee compared the level of misconduct to that presented in *State ex rel. Counsel for Dis. v. Simon*, 288 Neb. 385, 848 N.W.2d 642 (2014). The respondent in *Simon* had nine counts of misconduct and a mental health issue, and this court imposed an indefinite suspension with no possibility for reinstatement for 14 months, followed by 2 years of probation with monitoring.

We have considered the record, the findings which have been established by clear and convincing evidence, and the

applicable law. Upon due consideration, the court finds that the referee's recommendation is appropriate and adopts a 2-year suspension, commencing from November 6, 2017, followed by a period of monitored probation of 2 years upon readmission. See *id*. As noted, no exceptions have been taken to this recommendation.

Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. We also direct respondent to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012), § 3-310(P), and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

At the end of the 2-year suspension, respondent may apply to be reinstated to the practice of law, provided that he has demonstrated his compliance with § 3-316 and further provided that relator has not notified this court that respondent has violated any disciplinary rule during his suspension. Upon his application for reinstatement, respondent should have the burden of establishing that he is fit to practice law under the terms of his probation, including that treatment for his depression has resulted in a meaningful and sustained recovery. Such proof shall include a showing that he has continued treatment with a qualified mental health doctor, unless such doctor releases respondent from treatment. Upon reinstatement, respondent shall complete 2 years of monitored probation. During the period of probation, respondent will be monitored by an attorney licensed to practice law in the State of Nebraska and approved by relator. The monitoring plan shall include but not be limited to the following:

(1) During probation, respondent shall be subject to a treatment monitoring program by the Nebraska Lawyers Assistance Program and a practice monitoring program, which should be monitored by a licensed practicing attorney who is acceptable to the Counsel for Discipline.

(2) Respondent should comply with treatment recommendations of his treating doctor as monitored by the Nebraska Lawyers Assistance Program. If at any time the assistance program believes that respondent has failed to comply with his treatment requirements, it shall report the same to the Counsel for Discipline.

(3) On a monthly basis, respondent shall provide the monitoring attorney with a list of all cases for which respondent is then currently responsible, said list to include the following information for each case: (a) the date the attorney-client relationship began; (b) the type of case (i.e., criminal, dissolution, probate, contract, et cetera); (c) the date of the last contact with the client; (d) the last date and type of work completed on the case; (e) the next type of work and date to be completed on the case; and (f) any applicable statute of limitations and its date.

(4) If at any time the monitoring attorney believes respondent has violated a disciplinary rule or has failed to comply with the terms of probation, the monitoring attorney shall report the same to relator.

## CONCLUSION

The motion for judgment on the pleadings is granted. We find that respondent violated §§ 3-501.1, 3-501.3, 3-501.4, 3-501.5(f), 3-501.16(d), 3-508.1(b), and 3-508.4 and his oath of office as an attorney, see § 7-104. It is the judgment of this court that respondent is suspended from the practice of law for a period of 2 years, effective November 6, 2017. It is the further judgment of this court that upon completion of the period of suspension and reinstatement to the bar, respondent shall be placed on monitored probation for 2 years, subject to the terms set forth above. Respondent is also directed to pay costs and expenses in accordance with §§ 7-114 and 7-115 and §§ 3-310(P) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.