Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/22/2019 08:08 AM CST

- 748 -

**Nebraska Supreme Court Advance Sheets**
**301 Nebraska Reports**
STATE EX REL. COUNSEL FOR DIS. v. ROBAK
Cite as 301 Neb. 748

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Frank E. Robak, Sr., respondent.
___ N.W.2d ___

Filed November 30, 2018.    No. S-18-165.

1. **Disciplinary Proceedings.** Violation of a disciplinary rule concerning the practice of law is a ground for discipline.
2. **Disciplinary Proceedings: Rules of the Supreme Court.** Under Neb. Ct. R. § 3-304, the Nebraska Supreme Court may impose one or more of the following disciplines: (1) disbarment; (2) suspension; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; or (4) censure and reprimand.
3. **Disciplinary Proceedings.** To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
4. ____. With respect to the imposition of attorney discipline in an individual case, the Nebraska Supreme Court evaluates each attorney discipline case in light of its particular facts and circumstances.
5. ____. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.
6. ____. Responding to inquiries and requests for information from the Counsel for Discipline is an important matter, and an attorney's cooperation with the discipline process is fundamental to the credibility of attorney disciplinary proceedings.

Original action. Judgment of suspension.

Julie L. Agena, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges against Frank E. Robak, Sr., for violations of the Nebraska Rules of Professional Conduct and his oath of office as an attorney. Robak failed to respond. We then granted relator's motion for judgment on the pleadings limited to the facts but reserved ruling on the appropriate discipline. Robak defaulted in submitting a brief. We now conclude that the uncontested violations and the state of our record mandate that we indefinitely suspend Robak from the practice of law.

## BACKGROUND

Robak was admitted to the practice of law in Nebraska in September 1983. At all relevant times, he engaged in the practice of law in Omaha, Nebraska.

The record in this case is composed of the uncontested formal charges. In May 2013, C.H. retained Robak to represent him in a civil action and paid Robak $5,000. Over the following 3 years, Robak sporadically communicated with C.H., with the communication mostly being initiated by C.H. Robak repeatedly told C.H. that he was working on C.H.'s case. In October 2016, Robak declined C.H.'s request for a refund of his money.

C.H. filed a grievance. Relator sent C.H.'s grievance to Robak, and Robak provided a written response. Robak reported that he had been hospitalized several times since October 2014, that the illness took a toll on his law practice, that he informed

C.H. he was "'not in a position'" to provide a full refund, and that he was on Social Security disability. Relator sent two written requests for additional information from Robak, but Robak failed to respond. The matter was upgraded to a formal grievance, but Robak did not respond.

Relator subsequently filed formal charges against Robak. According to the formal charges, Robak violated his oath of office as an attorney[1] and violated provisions of the Nebraska Rules of Professional Conduct. Specifically, relator alleged that Robak violated rules regarding competence,[2] diligence,[3] bar admission and disciplinary matters,[4] and misconduct.[5] Robak did not file an answer to the formal charges.

Relator moved for judgment on the pleadings. Robak did not file an objection. We granted the motion as to the facts and directed the parties to brief the issue of discipline. Relator recommended a suspension of at least 2 years followed by 2 years of monitored probation. Robak did not file a brief.

## ANALYSIS

[1] Violation of a disciplinary rule concerning the practice of law is a ground for discipline.[6] Because Robak did not file an answer to the formal charges and we granted relator's motion for judgment on the pleadings, Robak's violation of several disciplinary rules has been established. The only issue before us is the appropriate discipline.

[2,3] Under Neb. Ct. R. § 3-304, we may impose one or more of the following disciplines: (1) disbarment; (2) suspension;

---

[1] Neb. Rev. Stat. § 7-104 (Reissue 2012).

[2] Neb. Ct. R. of Prof. Cond. § 3-501.1.

[3] Neb. Ct. R. of Prof. Cond. § 3-501.3.

[4] Neb. Ct. R. of Prof. Cond. § 3-508.1(b).

[5] Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (d).

[6] *State ex rel. Counsel for Dis. v. Wolfe, ante* p. 117, 918 N.W.2d 244 (2018).

(3) probation in lieu of or subsequent to suspension, on such terms as we may designate; or (4) censure and reprimand.[7] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[8]

[4,5] With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances.[9] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.[10]

The record on these formal charges establishes both client neglect and failure to cooperate with the disciplinary process. Robak failed to provide competent and diligent representation to C.H. and failed to communicate with him regarding his legal action. After C.H. filed a grievance, Robak initially responded to the grievance. But he thereafter failed to provide information requested by relator, failed to respond to the formal grievance notice, failed to file an answer to the formal complaint, and failed to file an answer to the formal charges.

[6] Responding to inquiries and requests for information from relator is an important matter, and an attorney's cooperation with the discipline process is fundamental to the

---

[7] *State ex rel. Counsel for Dis. v. Tonderum*, 286 Neb. 942, 840 N.W.2d 487 (2013).

[8] *State ex rel. Counsel for Dis. v. Wolfe, supra* note 6.

[9] *Id.*

[10] *Id.*

credibility of attorney disciplinary proceedings.[11] Failing to participate in the disciplinary process is a very serious matter.[12] Moreover, Robak has not filed a brief with this court regarding the appropriate discipline.

In responding to C.H.'s grievance, Robak alluded to health issues. But his failure to provide additional information and to answer the formal charges leaves this potential mitigating factor undeveloped. One factor weighs in Robak's favor. Robak has been licensed to practice law for 35 years, and the record does not show any previous discipline in Nebraska.

In considering the appropriate sanction, we are mindful of the sanctions imposed in similar cases. In several cases, we have indefinitely suspended the attorney. For example, in *State ex rel. Counsel for Dis. v. Jorgenson*,[13] an attorney violated disciplinary rules in two separate incidents involving noncompliance and lack of communication. As an aggravating factor, we recognized that in 2012, the attorney received a public reprimand and 1 year's probation for incidents involving entering into a contingency fee agreement to represent a client when the attorney should have known the client's claims were time barred and entering into contingency fee agreements not committed to writing. Further, the attorney failed to cooperate with the disciplinary process. We suspended the attorney indefinitely, with a minimum suspension of 2 years. In *State ex rel. Counsel for Dis. v. Tighe*,[14] which involved two consolidated cases against an attorney, the attorney failed to work competently and failed to respond to inquiries regarding his clients' grievances. We ordered

---

[11] See *State ex rel. Counsel for Dis. v. Jorgenson*, 298 Neb. 855, 906 N.W.2d 43 (2018).

[12] *Id.*

[13] *Id.*

[14] *State ex rel. Counsel for Dis. v. Tighe*, 295 Neb. 30, 886 N.W.2d 530 (2016).

an indefinite suspension. We imposed an indefinite suspension, with a minimum suspension of 3 years, in *State ex rel. Counsel for Dis. v. Tonderum*.[15] There, an attorney disclosed confidential information regarding a former client and then failed to respond to formal charges filed against her.

In other similar cases, we have suspended the attorney for a set term followed by a probationary period. In *State ex rel. Counsel for Dis. v. Ubbinga*,[16] an attorney failed to communicate with and complete work for a client, failed to provide the client with his file, and failed to cooperate with relator's investigation in a timely manner. We recognized as a mitigating factor the lack of any prior discipline. We suspended the attorney for 1 year and conditioned reinstatement on a 2-year period of probation. In *State ex rel. Counsel for Dis. v. Moore*,[17] we suspended an attorney for 2 years with 2 years' monitored probation upon reinstatement. In that case, the attorney eventually filed an answer to the formal charges and later submitted a conditional admission of two counts of client neglect and failure to communicate.

Under the facts of this case, we conclude that the appropriate discipline is an indefinite suspension, with a minimum suspension of 1 year, followed by 2 years' monitored probation. Any application for reinstatement filed by Robak after the minimum suspension period shall include a showing under oath which demonstrates his fitness to practice law and fully addresses the circumstances of the instant violation.

Upon reinstatement, Robak shall comply with the following terms of monitored probation: The monitoring shall be by an attorney licensed to practice law in the State of Nebraska and who shall be approved of by the Counsel for Discipline.

---

[15] *State ex rel. Counsel for Dis. v. Tonderum, supra* note 7.

[16] *State ex rel. Counsel for Dis. v. Ubbinga*, 295 Neb. 995, 893 N.W.2d 694 (2017).

[17] *State ex rel. Counsel for Dis. v. Moore*, 294 Neb. 283, 881 N.W.2d 923 (2016).

Robak shall submit a monitoring plan with his application for reinstatement which shall include, but not be limited to, the following: During the first 6 months of probation, Robak will meet with and provide the monitor a weekly list of cases for which Robak is currently responsible, which list shall include the date the attorney-client relationship began; the general type of case; the date of last contact with the client; the last type and date of work completed on the file (pleading, correspondence, document preparation, discovery, or court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly, contingency, et cetera). After the first 6 months through the end of probation, Robak shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information as set forth above. Robak shall work with the monitor to develop and implement appropriate office procedures to ensure protection of the clients' interests. Robak shall reconcile his trust account within 10 working days of receipt of the monthly bank statement and provide the monitor with a copy within 5 working days. Robak shall submit a quarterly compliance report to the Counsel for Discipline, demonstrating adherence to the foregoing terms of probation. The quarterly report shall include a certification by the monitor that the monitor has reviewed the report and that Robak continues to abide by the terms of probation. If at any time the monitor believes Robak has violated the professional conduct rules or has failed to comply with the terms of probation, the monitor shall report the same to the Counsel for Discipline. Robak shall pay all of the costs in this case, including the fees and expenses of the monitor, if any.

## CONCLUSION

We order that Robak be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 1 year, effective immediately. Robak may apply

for reinstatement consistent with the terms outlined above. Robak's reinstatement shall be conditioned upon his being on monitored probation for a period of 2 years following reinstatement, subject to the terms set forth above. Acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan, the terms of which are consistent with this opinion.

Robak shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Robak is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.