Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/24/2021 12:08 AM CST

- 256 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PEARSON
Cite as 310 Neb. 256

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Gary R. Pearson, respondent.

___ N.W.2d ___

Filed October 1, 2021.    No. S-20-741.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

On October 13, 2020, formal charges containing three counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, the relator, against the respondent, Gary R. Pearson. The respondent filed an answer to the formal charges on November 23 and an amended answer on December 21. A referee was appointed on December 4. On February 19, 2021, the relator filed amended formal charges consisting of four counts, to which the respondent filed an answer on March 1. The referee conducted a hearing on April 1.

The referee filed a report on July 6, 2021. With respect to the four charges, the referee concluded that through the respondent's conduct, he had breached the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.5(a) (charging unreasonable fee), 3-501.15 (safekeeping funds), 3-503.3(a)(1) (rev. 2016) (candor toward tribunal); 3-508.1(a)

- 257 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
310 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. PEARSON
Cite as 310 Neb. 256

(false statements in disciplinary matters), and 3-508.4(a) and (c) (rev. 2016) (misconduct). The referee further found that the respondent had violated his oath of office as an attorney licensed to practice law in the State of Nebraska. See Neb. Rev. Stat. § 7-104 (Reissue 2012). With respect to the discipline to be imposed, the referee recommended suspension of the respondent's license to practice law for a period of at least 1 year and up to 2 years. Neither the relator nor the respondent filed exceptions to the referee's report. The relator moved for judgment on the pleadings under Neb. Ct. R. § 3-310(L) (rev. 2019) of the disciplinary rules. We grant the motion for judgment on the pleadings and impose discipline as indicated below.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on July 2, 1976. At all times relevant to these proceedings, he has practiced law in Lincoln, Nebraska.

The substance of the referee's findings may be summarized as follows: The respondent practiced law since 1976, including handling estate matters. The violations arise from the respondent's charging and collecting excessive fees in several estate matters over a 2-year period and, in at least one instance, making false statements in court pleadings and to the relator related to the excessive fees. He also improperly maintained his trust account. Most facts are not in dispute in this case and were stipulated by the respondent and the relator at trial, or acknowledged in the respondent's testimony.

The referee held a hearing at which the respondent testified and evidence was adduced. In a report filed July 6, 2021, the referee found that by clear and convincing evidence, through the respondent's conduct, he had breached provisions of the Nebraska Rules of Professional Conduct as follows:

• With respect to count I, the "Wysong Matter," the respondent engaged in misconduct under § 3-508.4(a) and (c) by violating §§ 3-501.1 (competence), 3-501.5(a) (unreasonable

- 258 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PEARSON
Cite as 310 Neb. 256

fee), 3-503.3(a)(1) (candor toward tribunal), and 3-508.1(a) (false statements in disciplinary matter).

• With respect to count II, the "Truax Matter," the respondent engaged in misconduct under § 3-508.4(a) by charging and collecting an unreasonable fee in violation of § 3-501.5(a).

• With respect to count III, the "Jaunzemis Matter," the respondent engaged in misconduct under § 3-508.4(a) and (c) by charging and collecting an unreasonable fee under § 3-501.5(a).

• With respect to count IV, the "Trust Account Matter," the respondent engaged in misconduct under § 3-508.4(a) by not safekeeping client funds in violation of § 3-501.15(b).

The referee further found that, with regard to each of the counts enumerated above, the respondent had violated his oath of office as an attorney licensed to practice law in the State of Nebraska. See § 7-104.

With respect to the discipline to be imposed, the referee recommended suspension of the respondent's license to practice law for a period of 1 to 2 years. The referee noted in the report that the respondent had no prior instances of misconduct or discipline, but found that the respondent "was not candid with the Referee." With respect to the respondent's attitude, the referee found that although the respondent "admitted many of the allegations, he did so reluctantly, tended to minimize or explain away his conduct as error, oversight or carelessness." The referee report acknowledges that the respondent was not charged with misappropriation of client funds in the "Wysong Matter," but "[t]he record, however, would amply support such a charge had [the relator] seen fit to bring one."

In mitigation, the referee noted that the respondent was 72 to 73 years old at the time of trial and is an honorably discharged veteran of the U.S. Army who served as a combat infantry medic during the Vietnam War. The respondent has been a member in good standing with the Nebraska State Bar Association since 1976, with no record of prior disciplinary actions against him. The respondent offered eight letters of

- 259 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PEARSON
Cite as 310 Neb. 256

support attesting to his good character. He was responsive and cooperative with the relator throughout the disciplinary investigation.

## ANALYSIS

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Wolfe*, 301 Neb. 117, 918 N.W.2d 244 (2018). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id*. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id*.

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of the respondent's conduct, the respondent has violated §§ 3-501.1, 3-501.5(a), 3-501.15, 3-503.3(a)(1), 3-508.1(a), and 3-508.4(a) and (c). We specifically conclude that the respondent has violated his oath of office as an attorney, see § 7-104. Accordingly, we grant the relator's motion for judgment on the pleadings.

We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Wolfe, supra*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

- 260 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PEARSON
Cite as 310 Neb. 256

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, Neb. Ct. R. § 3-310(N) (rev. 2019).

With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances. *Counsel for Dis. v. Wolfe, supra.* For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id.*

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id.*

The evidence in the present case establishes there were four separate grievances involving several types of misconduct, including incompetence, charging an unreasonable fee, concealing unreasonable fees from clients, making false statements in court pleadings and to the relator, and maintaining personal funds in a client trust account.

With respect to the discipline to be imposed, the referee recommended suspension of the respondent's license to practice law for a period of 1 to 2 years. No exceptions have been taken to this recommendation.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that the range of the referee's recommendation is appropriate, and we hereby impose an 18-month suspension.

The respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012), § 3-310(P), and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

JUDGMENT OF SUSPENSION.